Robert H. Smith *vs.* Frank E. Domina *et al.*

JANUARY 17, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Rathbun, J. This action of trespass on the case for negligence was brought by a husband to recover for damages resulting to him by reason of injuries received by his wife when she tripped over the end of a filling pipe protruding above the surface of a sidewalk. The plaintiff, being in doubt as to the person from whom he was entitled to recover, joined Domina and the Texas Company as defendants. The trial justice directed a verdict for said company and the jury returned a verdict against Domina for $965.98. This suit was tried together with that of the plaintiff's wife who obtained a verdict against Domina for $500. Exceptions having been withdrawn in the case of the wife, it is not before us. The husband's case is before us on the exceptions of defendant Domina to the ruling directing a verdict for the Texas Company and to the denial of his motion for a new trial based on the ground that the damages are excessive.

The accident occurred on the sidewalk in front of a gasoline station operated by Domina. The sidewalk around the end of the filling pipe having become broken, a depression existed at this point. The tanks, pumps and filling pipe were owned by the Texas Company and leased by it to Domina who owned the premises and had full control of

the station. The relation of the Texas Company and Domina was that of bailor and bailee. The rule is well settled that at common law a bailor is not liable for the negligent use by his bailee of the chattel bailed. 3 R. C. L. 145; 6 C. J. 1151. The exception to the direction of a verdict for the Texas Company is overruled.

In his rescript denying the motion for a new trial the trial justice said: "The total money damages were $405.98, leaving $560 of the verdict as allowance for loss of services and for expenses for future medical treatment which Dr. Johnson said the plaintiff's wife would require. The amount of $560, while greater than the court would probably have allowed for that item if sitting without a jury, yet is not so excessive that it shocks the conscience of the court."

As a result of the accident the plaintiff's wife was confined to her bed for two days. She did no housework for three weeks. The plaintiff's adult daughter, who lived with her father and mother, assisted in doing the housework. There is no evidence that plaintiff suffered any money loss by reason of losing the services of his wife. Plaintiff contends that as a result of the accident his wife is still nervous. There was some medical testimony in support of and also medical testimony opposed to this contention. There was considerable testimony to the effect that Mrs. Smith was and is of a nervous type and that her nervous condition was naturally aggravated at her time of life.

It is apparent that the jury speculated either upon the question of damage for loss of services or as to the amount which by reason of the accident the plaintiff would be required to expend for medical treatment for his wife. The trial justice was not satisfied with the amount of damages awarded. Allowing in full each item in the plaintiff's claim, his loss in money at the time of the trial amounted to $405.98. We think the sum of $500 would fairly compensate plaintiff for all damage suffered.

The defendant's exception to the denial of his motion for a new trial is sustained. The case is remitted to the Superior

Court for a new trial unless, within ten days after the filing of this opinion, the plaintiff shall, by a writing filed with the clerk of the Superior Court, remit all of the verdict in excess of $500. If, within said ten days, the plaintiff files such remittitur, the Superior Court is directed to enter judgment for the plaintiff for $500.

*Fergus J. McOsker, John C. McOsker*, for plaintiff.

*Henry M. Boss, Jr.*, for defendant Domina.

*Swan, Keeney & Smith, Frederick W. O'Connell*, for defendant, The Texas Company.